UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

GREGORIO BOLANOS, JUAN BOLANOS,    :
ELOY BOLANOS, and DANEL
FRANCISCO RAFAEL,                  :

                 Plaintiffs,       :        17 Civ. 1448 (HBP)

    -against-                      :        OPINION
                                            AND ORDER
EMPIRE CHINESE RESTAURANT NY INC.  :
d/b/a EMPIRE CHINESE RESTAURANT,
MIN FE CHEN, and GUI CHEN,         :

                 Defendants.       :

-----------------------------------X


          PITMAN, United States Magistrate Judge:


          This matter is before me on the parties' application to

approve their settlement agreement (Docket Item ("D.I.") 18, 19).

All parties have consented to my exercising plenary jurisdiction

pursuant to 28 U.S.C. § 636(c).

          Plaintiffs allege that they worked in defendants'

restaurant during varying periods between February 2015 and

February 2017 as cooks and that some of the plaintiffs also

worked as food preparers or occasional delivery workers.  The

action is brought under the Fair Labor Standards Act (the

"FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law for

allegedly unpaid overtime premium pay and spread of hours pay.

Plaintiffs also assert claims based on defendants' alleged
failure to provide certain notices as required by the Labor Law.

          The parties reached their proposed settlement before a
mediator as part of the Court's Mediation Program for FLSA cases,
and therefore, my knowledge of the underlying facts and the
justification for the settlement is limited to the parties'
pleadings and counsels' representations in the letters submitted
in support of settlement approval.  Plaintiff Gregorio Bolanos
asserts that during the time he was employed by defendants, he
worked six days per week for between 11 to 13 hours a day and
that defendants paid him a monthly salary of $2000 for his time.[1]
Similarly, plaintiff Juan Bolanos alleges that he worked six days
per week for between 11 and 13 hours per day and that defendants
paid him a monthly salary of $2100 for his time.[2]  Plaintiff Eloy
Bolanos alleges that he worked six days per week for between 11
and 13 hours per day and that defendants paid him a monthly
salary of $3000 for his time.[3]  Plaintiff Danel Rafael alleges
that he worked six days per week for between 12 and 13 hours per

_____

[1]Gregorio Bolanos alleges that he worked for defendants from
approximately February 2015 through November 2015 and from
January 2016 through February 2017.

[2]Juan Bolanos alleges that he worked for defendants from
approximately January 2016 through May 2016.

[3]Eloy Bolanos alleges that he worked for defendants from
approximately April 2016 through February 2017.

day and that defendants paid him a monthly salary of $2100 per month for his time.[4]

Defendants deny plaintiffs' allegations and assert that plaintiffs have exaggerated the number of hours that they worked and misrepresented the manner in which they were paid.   During discovery, defendants produced wage and hour records for each of the plaintiffs showing that each was paid the statutory minimum wage as well as the premium overtime rate for hours worked in excess of forty each week.   Defendants also claim that they have witnesses who will verify the records.   Defendants also contend that plaintiffs took a one-hour meal break each day and that plaintiffs received two free meals per day, for which defendants are entitled to a meal credit.

The parties have agreed to a total settlement of $100,000.00.   The amount of unpaid wages claimed by each of the plaintiffs and the net amount that each will receive after deduction for legal fees and costs are as follows:

---

[4]Danel Rafael alleges that he worked for defendants from approximately June 2016 through February 2017.

| Plaintiff | Amount Claimed | Net Allocable Share |
|-----------|----------------|---------------------|
| Gregorio Bolanos | $66,500.00 | $30,429.66 |
| Eloy Bolanos | $39,000.00 | $17,737.93 |
| Danel Rafael | $25,000.00 | $11,352.27 |
| Juan Bolanos | $14,500.00 | $6,790.14 |
| Total: | $145,000.00 | $66,310.00 |

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293

4

F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food
Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.  The
presumption of fairness in this case is bolstered by the caliber
of the parties' attorneys.  The parties are represented by
counsel who are knowledgeable regarding all issues in the case
and who are well suited to assess the risks of litigation and the
benefits of the proposed settlement.

        In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332,
335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States
District Judge, identified five factors that are relevant to an
assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settle-
> ment is fair and reasonable, a court should consider
> the totality of circumstances, including but not lim-
> ited to the following factors:  (1) the plaintiff's
> range of possible recovery; (2) the extent to which the
> settlement will enable the parties to avoid anticipated
> burdens and expenses in establishing their respective
> claims and defenses; (3) the seriousness of the litiga-
> tion risks faced by the parties; (4) whether the set-
> tlement agreement is the product of arm's-length bar-
> gaining between experienced counsel; and (5) the possi-
> bility of fraud or collusion.

(internal quotation marks omitted).  As discussed further below,
the settlement here satisfies the five criteria enumerated above.

        First, after deduction of attorney's fees and costs,
the net settlement represents approximately 45.7% of the plain-
tiffs' aggregate estimated unpaid wages.  Plaintiff Gregorio

                                5

Bolanos will recover 45.8% of his unpaid wage claim, plaintiff Eloy Bolanos will recover 45.5% of his unpaid wage claim, plaintiff Danel Rafael will recover 45.4% of his unpaid wage claim and plaintiff Juan Bolanos will recover 46.8% of his unpaid wage claim.  Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation.  The case settled early on in the litigation, before the conclusion of the discovery period.  Settlement avoids the necessity of completing discovery, preparing and filing dispositive motions and preparing for a trial.

Third, the settlement will enable plaintiffs to avoid the risks of litigation.  As noted above, defendants argue that plaintiffs have exaggerated the number of hours that they worked and that they have documentary and testimonial evidence demonstrating that plaintiffs were paid the wages they were owed under the law.  Plaintiffs, therefore, face the risk that a fact finder may credit defendants' assertions and their evidence.  Thus, whether and how much plaintiffs would recover at trial is far from certain.  See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents

6

the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), <u>adopted</u> <u>sub nom. by</u>, <u>Bodon v. Domino's Pizza, Inc.</u>, 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); <u>Massiah v. MetroPlus Health Plan, Inc.</u>, No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing specula-tive payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because a neutral mediator presided over the mediation that lead to the settlement, I know that the settlement is the product of arm's length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud or collusion.  The settlement was reached after a mediation before a neutral mediator, further negating the possibility of fraud or collusion.

The settlement agreement also contains a release (Settlement Agreement and Release of Wage and Hour Claims, annexed as Exhibit 1 to Letter from Justin Cilenti to the Under-signed, dated July 19, 2017 (D.I. 16-1), ¶¶ (A)(2), (C)).

7

However, it is permissible because it is limited to the wage-and-hour claims at issue in this action.  Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.); Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

The settlement agreement also provides that, after deduction of counsel's out-of-pocket costs of $540, approximately 33.33% of the remaining settlement amount will be paid to plaintiffs' counsel as a contingency fee.  Contingency fees of one-third in FLSA cases are routinely approved in this circuit.  See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No.

8

13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013)
(approving attorneys' fees of one-third of FLSA settlement
amount, plus costs, pursuant to plaintiffs' retainer agreement,
and noting that such a fee arrangement "is routinely approved by
courts in this Circuit"); Febus v. Guardian First Funding Grp.,
LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A]
fee that is one-third of the fund is typical" in FLSA cases);
accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-
6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014);
Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL
2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).
Therefore, the contingency fee is reasonable.

          Accordingly, for all the foregoing reasons, I approve
the settlement in this matter.  In light of the settlement, the
action is dismissed with prejudice and without costs.  The Court
shall retain jurisdiction to enforce the settlement agreement.

See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir.

2015).  The Clerk of the Court is respectfully requested to mark

this matter closed.

Dated:   New York, New York
         October 24, 2017

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel

10